## WEATHERINGTON v. WELCH et al. (No. 1467.)

(Court of Civil Appeals of Texas. Texarkana. April 29, 1915.)

ADVERSE POSSESSION ☞19—INCLOSURE.

Defendants, who claimed a strip of land not included in their deed by adverse possession by a lessee, are not entitled to verdict, where the strip was not included in the lessee's inclosure.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 99–105; Dec. Dig. ☞19.]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by A. J. Weatherington against Amos Welch and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Robertson & Kemp, of Dallas, for appellant. Wendel Spence, of Dallas, for appellees.

HODGES, J. The appellant brought this suit in the form of an action of trespass to try title to recover 1½ acres of land described in his petition. The appellees disclaimed as to a part of the land sued for, and claimed the remainder by limitation. The original tract, of which the land in controversy is a part, consisted of 13 acres formerly owned by Margaret Miller, who was the agreed common source of title. One acre of this tract was conveyed to A. F. Burton. An acre and a half adjoining the Burton acre on the southeast was conveyed to J. W. Galbraith. The Burton south line thus formed the Galbraith north line. This controversy involves a strip of land 56 feet wide along south of that boundary line. The case was submitted to the jury on special issues, and from the answers returned judgment was entered in favor of the appellees, defendants below.

It is claimed that the finding of the jury that the appellees and those under whom they claim had held adverse possession of the lands in controversy for more than ten years was not supported by the evidence, and we think this contention should be sustained. The evidence shows conclusively that a strip of land 56.3 feet wide by 100 feet long claimed by the appellees was not included in the field notes of their deed. They undertook to establish a title to this by the adverse possession of the family of Mrs. M. E. Hicks. The great weight of the testimony shows that only a portion of that strip of land was included in an inclosure placed upon it by Mrs. Hicks. The appellees have filed no brief,

and we therefore accept as correct those extracts from the record embraced in the brief of the appellant. The testimony quoted shows that between what was formerly known as the Hicks fence and Juliette street there was a space of about 25 or 30 feet which had not been inclosed a sufficient length of time to give title by adverse possession. It is unnecessary to discuss the facts in detail.

We think the court erred in failing to set aside the verdict and grant a new trial. The judgment of the district court is therefore reversed, and the cause remanded.